THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

WDJ

September 8, 2023

Cancellation No. 92081731

*Thomas C Taylor*

*v.*

*Motor Trend Group, LLC*

**Before Bergsman, Shaw, and Coggins,**
**Administrative Trademark Judges.**

**By the Board:**

A registration issued under Section 1 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, remains in force for ten years, provided that the owner files an affidavit or declaration of use or excusable nonuse under Section 8 of the Act, 15 U.S.C. § 1058 (Section 8 declaration) between the fifth and sixth anniversary (or within a six-month grace period from the sixth anniversary) of the registration date. The registration may then be renewed for periods of ten years from the end of the expiring period by filing a Section 8 declaration and an application for renewal under Section 9 of the Trademark Act (combined Sections 8 and 9 declaration). 15 U.S.C. §§ 1058 and 1059; 37 C.F.R. § 2.181(a). If no combined Sections 8 and 9 declaration is filed within the year before the end of every ten-year period after the date of

registration, the registration expires and will be cancelled. *See* 15 U.S.C. §§ 1058 and 1059; Trademark Rule 2.160(a)(2), 37 C.F.R. § 2.160(a)(2).

There is, however, a six-month grace period after the expiration of the ten-year period for which a registration was issued or renewed in which a registrant may file a combined Sections 8 and 9 declaration. *See* 15 U.S.C. §§ 1058(a)(3) and 1059(a); Trademark Rules 2.160(a)(3) and 2.182, 37 C.F.R. §§ 2.160(a)(3) and 2.182. The effect of the statutory grace period is to allow additional time for the filing of the required registration maintenance documents without a lapse in the registration. Because of this sixth-month grace period, the USPTO generally waits until 10 days after the expiration of that grace period before updating its records to show that the registration is cancelled or expired. *See* TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) §§ 716.02(e) and 1611 (July 2022). The grace period, however, does not have a bearing on the expiration date of the registration if no combined Sections 8 and 9 declaration is filed within the grace period.

Registration No. 2638676, owned by Motor Trend Group, LLC (Respondent), issued on the Principal Register on October 22, 2002, based on an application under Section 1(a) of the Act, and was due for its second combined Sections 8 and 9 declaration by October 22, 2022.[1] The present petition for cancellation was filed against Registration No. 2638676 on March 1, 2023, a date after the October 22, 2022, renewal deadline, but prior to the expiration of the sixth-month grace period (here,

---

[1] Registration No. 2638676 was previously renewed by a combined Sections 8 and 9 declaration filed October 22, 2012.

until April 22, 2023). Inasmuch as USPTO records did not show on March 1, 2023, that the registration was cancelled or expired, the Board instituted the cancellation proceeding against the registration. Thereafter, in accordance with Office policy and because Respondent did not file a combined Sections 8 and 9 declaration during the grace period, the USPTO's automated records were updated on May 5, 2023, to indicate that the registration expired and was cancelled.

Trademark Rule 2.134, 37 C.F.R. § 2.134, provides in part:

> (a) After the commencement of a cancellation proceeding, if the respondent applies for cancellation of the involved registration under section 7(e) of the Act of 1946 without the written consent of every adverse party to the proceeding, judgment shall be entered against the respondent.

> (b) After the commencement of a cancellation proceeding, if it comes to the attention of the Trademark Trial and Appeal Board that the respondent has permitted its involved registration to be cancelled under section 8 . . . of the Act of 1946, or has failed to renew its involved registration under section 9 of the Act of 1946, . . . an order may be issued allowing respondent . . . [time] in which to show cause why such cancellation, failure to renew, or expiration should not be deemed to be the equivalent of a cancellation by request of respondent without the consent of the adverse party and should not result in entry of judgment against respondent as provided by paragraph (a) of this section. In the absence of a showing of good and sufficient cause, judgment may be entered against respondent as provided by paragraph (a) of this section.

The purpose of Rule 2.134(b), and the policy underlying the issuance of a show cause order, is to prevent a cancellation proceeding respondent whose subject registration comes due, during the course of the proceeding, for a Section 8 affidavit or Section 9 renewal (or in the case of a Section 66(a) registration, a Section 71 affidavit or Section 70 renewal), from being able to moot the proceeding, and avoid judgment, by deliberately failing to file the required affidavits or renewal

applications. *Orange Bang, Inc. v. Olé Mexican Foods, Inc.,* 116 USPQ2d 1102, 1109 (TTAB 2015). *See also* TRADEMARK APPLICATIONS AND EXAMINATION PROCEEDINGS; TRADEMARK INTERFERENCE, CONCURRENT USE, OPPOSITION AND CANCELLATION PROCEEDINGS; TRADEMARK POST-REGISTRATION PROCEEDINGS, 48 Fed. Reg. 23126 (May 23, 1983) ("Section 2.134(b) is added to avoid situations where a respondent in a cancellation proceeding may moot the case and avoid judgment because of the fortuitous circumstance that his registration happens to reach its sixth anniversary or [tenth] anniversary while a proceeding is pending and the respondent exploits this situation by simply failing to file an affidavit under section 8 of the Act or a renewal application under section 9 of the Act.").

On May 11, 2023, two months after the cancellation proceeding was instituted (on March 1, 2023), and six days after the USPTO's automated records were updated (on May 5, 2023) to indicate that the registration expired and was cancelled, the Board issued an order under Trademark Rule 2.134(b) for Respondent to show cause why its failure to renew the involved registration should not be deemed the equivalent of a cancellation by request of Respondent without the consent of the adverse party, and should not result in entry of judgment against Respondent as provided by Trademark Rule 2.134(a).[2] In response to the Board's order, Respondent requests that the Board

---

[2] 12 TTABVUE. In this order, the Board cites to the proceeding record by the TTABVUE docket entry number and TTABVUE page number, in accordance with the guidance provided in TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) §§ 106.03, 702.05 and 801.01 (2023). Specifically, the number preceding TTABVUE corresponds to the docket entry number, and any numbers following TTABVUE refer to the page numbers of the docket entry where the cited materials appear.

dismiss the proceeding without prejudice as moot.[3] Petitioner, however, opposes the request and argues that dismissal is premature.[4]

While Trademark Act Sections 8(a)(3) and 9(a) provide for a six-month grace period in which to file the respective declaration of use and renewal application, the date of expiration of a registration is not based on the expiration of the grace period or the date on which the USPTO takes the ministerial action of entering the expiration and cancellation of the registration into the USPTO trademark database. *Land O' Lakes, Inc. v. Hugunin*, 88 USPQ2d 1957, 1959 (TTAB 2008). Rather, if a combined Sections 8 and 9 declaration is not filed by the end of the grace period, a registration expires by operation of law as of the last day of its ten-year term, and no rights in the registration exist after that date. *See id.*

As we noted in *Orange Bang*, Trademark Rule 2.134(b) applies when a subject registration comes due for a Section 8 affidavit or Section 9 renewal during the course of the proceeding. *See Orange Bang*, 116 USPQ2d at 1109. In the present case, Respondent's registration was in the renewal grace period (ending April 24, 2023) when the petition was filed on March 1, 2023. However, because Respondent did not file a combined Sections 8 and 9 declaration during the grace period, Respondent's registration expired by operation of law as of October 22, 2022, a date before Petitioner filed his petition to cancel. *See Land O' Lakes Inc.*, 88 USPQ2d at 1959 ("[T]he date of expiration of [a] registration is not dependent on the date the Office

---

[3] 14 TTABVUE.

[4] 15 TTABVUE.

undertook the ministerial function of entering the cancellation into the USPTO database."). In other words, Respondent's registration expired prior to the filing of the petition to cancel because there was no renewal filing made within the statutory period (including the grace period), even though Office records were not updated until later to show the expiration. As a result, Petitioner's petition to cancel for abandonment was filed after the expiration date of the registration and is therefore moot. Thus, Trademark Rule 2.134(b) is inapplicable to the present case. Under the circumstances, Petitioner may not obtain judgment against Respondent with a moot petition for cancellation merely because his petition was filed during the grace period for renewal.[5]

Because of this sequence of events, in which the registration expired before the petition to cancel was filed, we vacate the show cause order and **dismiss the petition to cancel without prejudice as moot**.

---

[5] In cases construing Trademark Rule 2.134(b) where judgment was entered on the grounds of abandonment, the renewal application deadline/use affidavit deadline for the registration fell after the filing date of the petition to cancel; the petition was not filed during the grace period. *See, e.g., Marshall Field & Co.*, 11 USPQ2d at 1155 (Registrant's subject registrations issued on June 1, 1982, August 24, 1982, and September 7, 1982, so Section 8 affidavits were due on June 1, 1988, August 24, 1988 and September 7, 1988; Petitioner filed petitions to cancel on June 3, 1987, and August 3, 1987, registrations were cancelled in 1988 for failure to file Section 8 affidavits and judgment was entered on the ground of abandonment only pursuant to Trademark Rule 2.134(b)); *C.H. Guenther & Son Inc. v. Whitewing Ranch Co.*, 8 USPQ2d 1450, 1451-52 (TTAB 1988) (subject mark registered December 26, 1967, petition to cancel filed October 1986, and registration expired December 27, 1987; failure to renew subject registration unintentional and motion for an order to show cause under Trademark Rule 2.134(b) denied); *Abraham's Seed v. John One Ten*, 1 USPQ2d 1230, 1231-32 (TTAB 1986) (Registrant's mark registered November 28, 1978, petition to cancel filed on November 25, 1983, a few days prior to the fifth anniversary of the registration; Board treated Registrant's explanation as to why it did not file a Section 8 affidavit as a sufficient showing of cause to avoid entry of judgment against it pursuant to Trademark Rule 2.134(b)).